**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KARIM ELSAMMAK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ATP FLIGHT ACADEMY, LLC d/b/a ATP FLIGHT SCHOOL, ATP HOLDINGS, INC., and DOES 1-10,<br><br>　　　　Defendants. | CIVIL ACTION NO.:<br><br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Karim Elsammak ("Elsammak" or "Plaintiff"), by and through his attorneys, Bochner PLLC, hereby allege for his Complaint against Defendants ATP Flight Academy, LLC d/b/a ATP Flight School, ATP Holdings, Inc., (the "ATP Defendants") and Does 1-10 (ATP Defendants and Does 1-10 collectively referred to herein as "Defendants") on personal knowledge as to his own activities and on information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1.　　This action involves unscrupulous Defendants—who maintain a nationally known pilot training program and took unfair advantage of Elsammak, a former student, by violating his right of publicity and copyrights by commercializing his images without his consent. Defendants knew that they had and still have no rights to use Elsammak's copyrighted material or his name, image, and likeness for commercial purposes, yet chose to use the Subject Photo (defined *infra*) in its online marketing.

2.　　Elsammak, a graduate of ATP Defendants' pilot training program, currently works as a commercial airline pilot. To his surprise, Defendants have used the Subject Photo in their

1

online advertising materials, despite the fact that Elsammak never consented to the use of the Subject Photo by Defendants for commercial purposes, and was never compensated for Defendants' use of the Subject Photo.

3. This is an action for declaratory judgment arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, 17 U.S.C. § 101 et seq. for infringement of the Asserted Registration, as well as related claims under the statutory and common laws of the State of New York.

4. As discussed in more detail below, Defendants have used images belonging to their students and graduates for commercial purposes without consent, including in their marketing and advertising materials.

5. Plaintiff has thus been forced to file this action to vindicate his rights.

## PARTIES

6. Plaintiff Karim Elsammak is an individual residing in Brooklyn, New York.

7. Upon information and belief, Defendant ATP Flight Academy, LLC d/b/a ATP Flight School is a Florida Limited Liability Company with a principal place of business located at 1555 The Greens Way, Jacksonville Beach, FL 32250.

8. Upon information and belief, Defendant ATP Holdings, Inc. is a Delaware corporation with a place of business located at 251 Little Falls Drive, Wilmington, Delaware 19808.

9. Defendants Does 1 through 10, inclusive, are other parties who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Does 1 through 10, inclusive, are presently unknown to Plaintiff, who

therefore sues said defendants by such fictitious names, and will seek leave to amend this Complaint to identify their true names and capacities when same have been ascertained.

10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter ego, and/or employee of the ATP Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages proximately caused thereby.

## JURISDICTION AND VENUE

11. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq.*

12. Subject matter jurisdiction over the claims is conferred upon this Court by 28 U.S.C. § 2201 and 2202 (declaratory judgment), 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1338 (original jurisdiction), 28 § U.S.C. 1332 (diversity jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

13. This Court also has personal jurisdiction over ATP Defendants because, upon information and belief, ATP Defendants maintain continuous and systematic contacts within New York, derive substantial revenue from New York, and have committed acts giving rise to this action within New York and within this district, including, *inter alia*, operating flight school locations at Long Island MacArthur Airport and infringing the Asserted Registration (defined *infra*) in this district.

14. The exercise of personal jurisdiction comports with Defendants' right to due process because they have purposefully availed themselves of the privilege of conducting activities

within the Eastern District of New York, such that they should reasonably anticipate being named as a party to an action in this Court.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) at least because Plaintiff resides within this District. Additionally, a substantial part of the events giving rise to the claim occurred in this District.

## ACTUAL CASE OR CONTROVERSY

16. There is an actual controversy between the parties to this litigation within the jurisdiction of this Court under 28 U.S.C. § 2201 and 2202.

17. Defendants have been using the Subject Photo (defined *infra*), which is a copyrighted image depicting Plaintiff, in their promotional materials including online advertisements.

18. Plaintiff sent Defendant ATP Flight School a cease-and-desist letter informing them that the Subject Photo was his property, was protected by copyright, and demanding that Defendants stop using his image.

19. After receiving Plaintiff's cease-and-desist letter regarding the Subject Photo, Defendants continued to infringe Plaintiff's copyright and continued to use his name, image, and likeness for commercial purposes without proper consent from Plaintiff.

20. Based on the foregoing, a justiciable controversy exists between Plaintiff and Defendants as to whether Defendants' Accused Works (defined *infra*) infringe the Asserted Registration, and whether the Accused Works are an unlawful invasion of Plaintiff's privacy.

21. Absent a declaration of infringement, Defendants will continue to wrongfully infringe the Asserted Registration and use Plaintiff's name, image, and likeness in their promotional material, thereby causing irreparable injury and damage to Plaintiff.

22. Absent such a declaration, Defendant will continue to interfere with Plaintiff's privacy, causing irreparable harm to Plaintiff including by suggesting that Plaintiff endorses Defendants' products or services.

## STATEMENT OF FACTS

### The Subject Photo

23. Elsammak attended ATP Flight School from June 2015 to December 2015, and currently works as a commercial pilot.

24. In 2018, Elsammak took a photo of himself sitting in the pilot's seat of an airplane (the "Subject Photo"), while wearing his pilot's uniform, shown here:



The Subject Photo

25. Elsammak is the exclusive owner of all copyrights in the Subject Photo.

26. Elsammak registered the Subject Photo and was granted U.S. Copyright Registration No. VA0002419259, a copy of which is attached as **Exhibit 1** hereto (the "Asserted Registration").

27. Elsammak owns all rights, title, and interests, including copyrights, in and to the Subject Photo and the Asserted Registration, including the exclusive rights to reproduce, display, and distribute the Subject Photo and to bring infringement claims arising out of the unauthorized reproduction, distribution and display of the Subject Photo.

28. On September 4, 2019, Elsammak sent the Subject Photo to Ashley Pillon, an employee of ATP, for the purpose of including it in a slideshow recognizing ATP graduates and their accomplishments. The slideshow was to be displayed at an event held by the ATP Alumni Association on September 25, 2019 at the American Airlines C.R. Smith Museum.

29. At no time did Elsammak give consent for Defendants to use the Subject Photo for commercial purposes, including in their advertising.

30. Defendants did not seek consent from Elsammak to use the Subject Photo in their advertising.

**Defendants' Infringement**

31. At all times relevant to this Complaint, Defendants have operated a variety of online accounts, including, but not limited to, social media accounts on Youtube.com, for the purpose of promoting, advertising, and recruiting for its training programs.

32. Elsammak discovered that Defendants were infringing his exclusive rights by reproducing, publicly displaying, and distributing the Subject Photo without his authorization or other permission on social media sites, including Youtube.com.

33. Defendants used the Subject Photo without Elsammak's authorization for commercial purposes in various ways, including but not limited to the uses set forth below and in **Exhibit 2** attached hereto, (the "Accused Work"). These examples are not meant to encompass all Accused Works; the claims made herein are as to any image displayed, published, licenses, distributed, and/or sold by Defendants, and/or each of them, that incorporate the Subject Photo without Plaintiff's permission or consent.



The Accused Work

34. Defendants' infringing use of the Subject Photo on social media was for the commercial purpose of promoting ATP Defendants' training program business.

35. The elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the Subject Photo are identical to the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance in the Accused Works.

36. At no time did Elsammak give Defendants permission to use the Subject Photo for commercial or advertising purposes.

37. Elsammak provided notice to Defendant ATP Flight of its infringement of his copyright in the Subject Photo, but Defendants continued to infringe the Asserted Registration in the face of this notice and failed to expeditiously remove or disable access to Accused Works.

38. Defendants knew that exploitation of the Asserted Registration by, *inter alia*, displaying the Subject Photo in its marketing materials, was infringing the Asserted Registration.

39. Defendants had substantial involvement in approving, selecting, moderating, or modifying the Subject Photo for use in its advertising materials.

40. Defendants made the Subject Photo available and accessible to its customers, viewers, potential customers, and the general public, including millions of people via the internet, and Defendants financially benefitted from their infringement of the Asserted Registration.

41. Defendants have profited from its infringing use of the Subject Photo to promote and sell their services without paying Elsammak (or anyone else) for a license or other authorization to reproduce, display, distribute, or otherwise use the Subject Photo for advertising purposes.

42. Defendants' infringement of the Asserted Registration was willful. At a minimum, Defendants' use of the Subject Photo after receiving a cease-and-desist letter from Plaintiff, without requesting or obtaining his permission to use the Subject Photo in advertising material, constituted reckless disregard for his exclusive rights.

43. By virtue of the foregoing, and to stop Defendants from continuing to use Elsammak's name, image, and likeness without his consent, Elsammak seeks a declaration from this Court that Defendants' use of the Subject Photo infringes the Asserted Registration.

44. In addition, Elsammak seeks monetary relief from the Court for the harm he has suffered both from Defendants' infringement of the Asserted Registration and from Defendants' use of Elsammak's name, image, and likeness in its advertising material, without his consent for such use, resulting in at least a loss of licensing fees which should have been paid to Elsammak, and in damage to his reputation by falsely suggesting that he endorses Defendants' services or products, which Elsammak suffers and continues to suffer as a result of Defendants' continued use of the Subject Photo.

## COUNT I: DECLARATION OF COPYRIGHT INFRINGEMENT
## UNDER 28 U.S.C. § 2201 et seq.; 17 U.S.C. § 101 et seq.

45. Plaintiff re-alleges and incorporates the allegations of all of the paragraphs in this complaint as if fully set forth herein.

46. The dispute between Elsammak and Defendants as to infringement of copyrights in any photographs is an actual and justiciable controversy.

47. Elsammak has duly registered his copyright in the Subject Photo.

48. Defendants have infringed and violated the Asserted Registration and Elsammak's exclusive rights under the Copyright Act, 17 U.S.C. § 106 et seq., in the Subject Photo by copying, distributing and publicly displaying the Subject Photo on their commercial social media pages.

49. Defendants committed their infringements of the Subject Photo in connection with the commercial promotion of its products and services to customers, potential customers, and/or

sources of referral for potential customers via targeted ads directed to millions of people on social media.

50. As a direct and proximate result of Defendants' infringement of Asserted Registration, Elsammak is entitled to an award of statutory damages in an amount to be determined at trial, up to $150,000 for the Subject Photo.

51. Alternatively, and at Elsammak's election, pursuant to 17 U.S.C. § 504 (b), he is entitled to recover damages based on his lost profits and disgorgement of Defendants' profits in connection with its commercial infringement of his exclusive rights in the Subject Photo, which amount will be proven at trial.

52. Elsammak is entitled to a declaration that Defendants have infringed his exclusive rights in the Subject Photo and the Asserted Registration under the Copyright Act, and that such infringement was willful.

53. Elsammak is also entitled to seek recovery of his costs in bringing this lawsuit, including attorneys' fees, pursuant to 17 U.S.C. § 505.

54. Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Elsammak, unless enjoined by this Court. Elsammak has no adequate remedy at law, and so pursuant to 17 U.S.C. § 502, he is entitled to an injunction prohibiting further infringement by Defendants of his exclusive rights in the Subject Photo.

## **COUNT II – INVASION OF PRIVACY**
## **UNDER NEW YORK CIVIL RIGHTS LAW § 51**

55. Plaintiff re-alleges and incorporates the allegations of all of the paragraphs in this complaint as if fully set forth herein.

56. Defendants have invaded Elsammak's privacy by appropriating his name, image, and likeness for their own commercial benefit.

57. Defendants have used Elsammak's name, portrait, picture, likeness, or voice for the purposes of trade without written consent from him by using the Subject Photo in their online advertisements.

58. The Subject Photo has value associated with it. Indeed, Elsammak used the Subject Photo in a commemorative slideshow at an alumni event in September 2019.

59. Defendants invaded Elsammak's privacy by publishing advertisements which prominently featured his name, image, and likeness – without his consent for such use.

60. Defendants used his name, image, and likeness in their advertisements for the purpose of attracting customers to purchase Defendants' products.

61. As shown in the Subject Photo and the Accused Works attached hereto, Elsammak can be identified in the Accused Works.

62. Defendants used the Subject Photo in the Accused Works for their own commercial advantage, attempting to recruit customers or potential customers. On information and belief, Defendants incurred commercial benefit from using the Subject Photo without his consent to use the Subject Photo in advertising.

63. In addition to suggesting that Elsammak endorsed Defendants' services, products, and brand, Defendants' use of the Subject Photo without Elsammak's consent for advertising use was an invasion of his privacy.

64. For at least these reasons, Elsammak is entitled to a judgment declaring that Defendants' use of the Subject Photo in its advertising has invaded and continues to invade his privacy.

65. Elsammak is further entitled to an award of compensatory and exemplary damages for injuries suffered as a result of Defendants' willful publication of his image.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Karim Elsammak respectfully requests that this Court enter judgement against the Defendants as follows:

A. Issuing a judgment declaring that Defendant infringes the Asserted Registration under the Copyright Act;

B. Declaring Defendants' infringement was willful;

C. Awarding Plaintiff his actual damages and disgorgement of Defendants' non-duplicative profits under 17 U.S.C. § 504(b) in amounts as shall be determined at trial;

D. Alternatively, at Plaintiff's election, an award of statutory damages pursuant to 17 U.S.C. § 504 up to $150,000 for the Subject Photo;

E. Awarding a permanent injunction enjoining ATP Defendants and their affiliates, officers, agents, employees, attorneys, and all other persons acting in concert with ATP Defendants from using the Subject Photo in any of their advertising or marketing materials;

F. Awarding a permanent injunction enjoining ATP Defendants and their affiliates, officers, agents, employees, attorneys, and all other persons acting in concert with ATP Defendants from using Plaintiff's name, image, and likeness in any of their advertising or marketing materials;

G. Ordering that Defendants immediately forfeit and destroy any digital or print advertising or marketing materials which infringe the Asserted Registration;

H.  Awarding Plaintiff any other damages, including compensatory, punitive and/or exemplary damages, for improper use of his name, image, and likeness, in an amount to be determined at trial;

I.  Awarding Plaintiff reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

J.  An award of interest, including pre-judgment interest, on the foregoing sums in Plaintiff's favor; and

K.  Granting Plaintiff such further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all claims and issues so triable.

Dated: November 14, 2024
New York, New York

By:  /s/ /s/ Edward Andrew Paltzik
Edward Andrew Paltzik, Esq.
Erik Dykema, Esq.
Meredith Lloyd, Esq. (*pro hac vice forthcoming*)
**BOCHNER PLLC**
1040 Avenue of the Americas, 15th Floor
New York, New York 10018
(646) 971-0685
edward@bochner.law
erik@bochner.law
meredith@bochner.law

*Attorneys for Plaintiff*